IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-01956-WYD-BNB

MARK E. DAVIS,

Plaintiff,

v.

CASE/MANAGER GARY HOFFMAN, in his individual capacity,
SERGEANT, FAY HARDING, in her individual capacity,
SERGEANT, MICHAEL SHELLEY, in his individual capacity,
CORRECTIONAL OFFICER, ANTON EVANS, in his individual capacity,
CORRECTIONAL OFFICER, MELISSA HUFF, in her individual capacity,
SERGEANT, CONNIE JOANN SCHLICHENMAYER, in her individual capacity,
SERGEANT, PHIL BLANKENSHIP, in his individual capacity,
CAPTAIN, STEVE LOCKHART, in his individual capacity,
MAJOR TREVOR WILLIAMS, in his individual capacity,
MAJOR JAMES DAY, in his individual capacity,
ASSOCIATE WARDEN, DELAYNE TORNOWSKI, in his individual capacity,
CASE MANAGER LEVEL III, ROBERT KAHANIC, in his individual capacity,
WARDEN GARY WATKINS, in his individual capacity, and
EXECUTIVE DIRECTOR, JOE ORTIZ, in his individual capacity,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the defendants' **Motion for Summary Judgment** (the "Motion"), filed November 5, 2004. For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED and that summary judgment enter in favor of the defendants on all of the plaintiff's claims.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*.  I must liberally construe the pleadings of a *pro se* plaintiff.  Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence.  Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970).  Rule 56(c), Fed. R. Civ. P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact.  Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986).  "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."  Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).  The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is

a genuine issue for trial. Id. at 324.

Affidavits must be based on personal knowledge and must set forth facts that would be admissible in evidence. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." Id.

## II.  BACKGROUND[1]

The plaintiff is incarcerated by the Colorado Department of Corrections ("DOC") at the Limon Correctional Facility. The plaintiff filed his Prisoner Complaint (the "Complaint") on October 2, 2003. The Complaint alleges two claims: (1) violation of the plaintiff's First Amendment right to access the courts; and (2) retaliation for filing grievances. The plaintiff seeks compensatory damages and declaratory relief. *Complaint*, p. 8.

## III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A.  Failure to Allege Physical Injury

The defendants assert that the plaintiff is not entitled to declaratory relief or monetary damages because the plaintiff has failed to allege physical injury as required by the Prisoner

---

[1]In an attempt to establish undisputed material facts, the Motion relies on many documents, including computer printouts, which are unexplained, unauthenticated, or otherwise not evidence within the requirements of Rule 56(c). I do not consider these documents in my analysis of the Motion.

Litigation Reform Act ("PLRA").  The PLRA provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted.  Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir 2001) (applying section 1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).  Although section 1997e(e) bars recovery of compensatory damages for failure to allege physical injury, it does not bar recovery of punitive damages or declaratory or injunctive relief.  Id., at 881; Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 808 (10th Cir. 1999).

My review of the Complaint reveals that the plaintiff has not alleged any physical injury.  Therefore, the plaintiff's claims are barred to the extent they seek compensatory damages.  The claims are not barred to the extent the plaintiff seeks declaratory relief.

### B.  Claim One

Claim One alleges that defendant Hoffman violated the plaintiff's First Amendment right to access the courts when he shredded one of the plaintiff's grievances. *Complaint*, p. 4.  Hoffman then refused to provide the plaintiff with another grievance form.  Id.

The right of access to the courts is a fundamental constitutional right.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  An inmate alleging denial of access to the courts must allege an actual injury.  Lewis v. Casey, 518 U.S. 343, 349 (1996).  To establish actual injury, the inmate must show that "the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous

claim." Id. at 356. Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (citing Lewis, 518 U.S. at 351). The filing of an administrative grievance is protected under the First Amendment. Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991).[2]

The plaintiff has failed to allege any facts or provide any evidence to demonstrate that the refusal to submit his grievance hindered his efforts to pursue a nonfrivolous claim. Consequently, the plaintiff's claim against Hoffman for denial of access to the courts must fail.

Claim One further alleges that defendants Watkins, Kahanic, and Ortiz violated the plaintiff's First Amendment right to access the courts as follows:

> The Plaintiff wrote a letter to the Warden Gary Watkins with no response, then Plaintiff wrote to the Executive Director the Department of Corrections with no response. Also Plaintiff wrote to the Head of Case Managers Robert Kahanic and as with all the others Plaintiff received no response. . . . The Plaintiff requested help from[] Head of the Case Managers Robert Kahanic, Warden, Gary Watkins, and Executive Director of the Colorado Department of Corrections who then was Brian Burnette, Acting Executive Director. But now the Executive Director is Joe Ortiz.

*Complaint*, p. 4.

An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d

---

[2]The Motion, citing case law from other circuits, asserts that the plaintiff has no constitutional right to the DOC's grievance procedure. *Motion*, pp. 9, 13. This assertion is contrary to the Tenth Circuit's holding in Meese.

5

1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id. The plaintiff has failed to allege any facts or provide any evidence to demonstrate that defendants Watkins, Kahanic, and Ortiz caused or participated in the alleged violation of his First Amendment rights.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks summary judgment in favor of the defendants on Claim One.

### C.  Claim Two

Claim Two alleges that defendants Hoffman, Harding, Shelley, Schlichenmayer, Lockhart, Evans, Blankenship, Huff, Williams, Tornowski, Day, Watkins, and Ortiz retaliated against the plaintiff for filing grievances. "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his rights to access the courts." Smith v. Mashner, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even if the action taken in retaliation would be otherwise permissible."[3] Id. at 948. An inmate, however, is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity." Peterson v. Shanks, 149 F.3d 1140,1144 (10th Cir. 1998). Therefore, to prevail on a claim of retaliation a plaintiff "must prove that but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." Id. (quotations and citation omitted). "An inmate claiming retaliation must allege *specific facts* showing retaliation

---

[3]Therefore, to the extent the defendants seek dismissal of the retaliation claim because the plaintiff "is not entitled to employment in prison," *Motion*, p. 13, the argument is without merit. See also Meese, 926 F.2d at 998 (stating that "although plaintiff has no right to a job or to any particular assignment, prison officials cannot punish plaintiff for exercising his first amendment rights by denying him certain job assignments or transferring him from one job to another").

6

because of the exercise of the prisoner's constitutional rights." Id. (quotations and citation omitted) (emphasis in original).

The presentation of circumstantial evidence such as temporal proximity, a chronology of events, or suspicious timing may be sufficient to support allegations of retaliation. See Smith, 899 F.2d at 949 (holding that the inmate sufficiently supported retaliation claim with "only means available to him--circumstantial evidence of the suspicious timing of his discipline, coincidental transfers of his witnesses and assistants"); McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979) (holding that the plaintiff's allegations of a "chronology of events" may be read as "providing some support for an inference of retaliation"); Harris v. Fleming, 839 F.2d 1232, 1236-38 (7th Cir. 1988) (finding that the pattern and timing of firings and cell transfers were sufficient to establish a question of retaliation).

Claim Two contains numerous allegations of retaliation. First, the plaintiff alleges that defendant Harding wrote a false report accusing him of "Verbal Abuse" and "Unauthorized Absence" in retaliation for filing a grievance against defendant Hoffman. *Complaint*, p. 5. The undisputed evidence in this case, however, establishes that Harding was not aware that the plaintiff had filed a grievance against Hoffman. *Motion*, Exhibit A-6, ¶ 6. Consequently, this retaliation claim against Harding must fail.

Next, the plaintiff alleges that on July 17, 2001, the plaintiff called defendant Shelley as a witness in a disciplinary hearing, *Complaint*, p. 5; Shelley knowingly made false statements under oath in retaliation for the plaintiff's grievances against staff, id. ; and Shelley issued an "illegal" pass to the plaintiff the day after he provided false testimony. Id. The plaintiff states that Shelley's actions are "no more than retaliation against Plaintiff." Id. The plaintiff's allegations of

7

retaliation are conclusory.  There are no specific factual allegations to demonstrate that Shelley retaliated against the plaintiff because he filed a grievance.

Moreover, the plaintiff's claim that defendant Shelley provided false testimony at his disciplinary hearing is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Heck holds that "[w]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id. at 487.  This "favorable termination" requirement extends to section 1983 claims stemming from prison disciplinary hearings.  Edwards v. Balisok, 520 U.S. 641 (1997).

The plaintiff makes numerous other conclusory allegations of retaliation as follows:

1.  Defendant Harding placed another inmate in a single cell upon his release from administrative segregation instead of giving the single cell to the plaintiff.  *Complaint*, p. 5.  The plaintiff had been released from administrative segregation approximately one month earlier.  Id.  "This can be nothing else but either discrimination or retaliation."  Id.

2.  Shelley terminated the plaintiff's employment as a custodian, stating that he could not get along with staff.  Id.  However, "the work ratings prior to Michael Shelley, Sergeant being made Supervisor of the Custodians were perfectly okay.  Plaintiff had good work performance as well as good staff relations.  This termination amount [sic] to nothing more than retaliation against Plaintiff."  Id.

3.  The plaintiff was moved to a different living unit in September 2001.  Id.  After talking to defendant Harding, the new sergeant, defendant Schlichenmayer, "picked up the same practice

8

as that of Fay Harding, Sergeant[,] in passing over the Plaintiff for a single cell when he was in fact eligible for said cell. This again is no more than retaliation." Id. at pp. 5-5a.

    4. While in the new living unit, the plaintiff was hired as a custodian. Defendant Evans became the supervisor of custodians. Evans told the plaintiff he did not like him, he did not trust him, and he did not want to give him the job of custodian because he believed there were other inmates that would do a better job. Id. at p. 5a. Evans terminated the plaintiff several months later because he did not like the plaintiff and because of "poor ratings." Id. "The termination of Plaintiff is no more than collusion by Anton Evans, then a Sergeant, Michael Shelley, Sergeant, and Steve Lockhart, Captain in retaliation against the Plaintiff." Id.

    5. On February 29, 2002, the plaintiff was written up by defendant Blankenship for forgery. Id. The evidence was insufficient. Id. "Review will show that this too is retaliation." Id.

    6. On March 29, 2002, the plaintiff was written up for verbal abuse by defendant Huff. Huff stated that the plaintiff refused to attend the hearing. Plaintiff has never refused to attend any hearings. "This also is just in retaliation against the Plaintiff." Id.

    7. On October 10, 2001, defendant Williams ordered the plaintiff's case manager "not to give Plaintiff any grievances. This is all in retaliation as well as a First Amendment violation to petition the government."[4] Id.

---

[4]To the extent these allegations are an attempt to assert a claim against Williams for violation of the plaintiff's First Amendment rights, the plaintiff has failed to allege that Williams' actions hindered his efforts to pursue a nonfrivolous claim. Consequently, the plaintiff has failed to allege a violation of his First Amendment rights. Lewis, 518 U.S. a 349; Penrod, 94 F.3d at 1403.

8. On October 17, 2001, the plaintiff sent a letter to defendant Tornowski, Associate Warden, explaining the grievance to him "without any response to this date." Id.

9. On November 1, 2002, defendant Day "denied a grievance stating that the response of the Step I adequately addressed the issues raised in the Step II. Just passing the buck in retaliation of Plaintiff for exercising his constitutional right to grieve the goerment [sic]." Id.

10. "On October 4, 2001 Plaintiff explained his dilemma to Gary Watkins, Warden, and to date nothing has been done to resolve the violation of my constitutional rights." Id.

11. On October 20, 2001, Plaintiff wrote a letter to then Acting Executive Director, Brian Burnette. That Office is now ran [sic] by Joe Ortiz Executive Director. This letter explained the trouble going on at Limon Correctional Facility, and as to date no response." Id.

The plaintiff has submitted a laundry list of incidents that has had a negative impact on him from June 2001 forward, and has summarily labeled the incidents as constituting retaliation for his grievances. The plaintiff has failed to allege any specific facts or provide any evidence, however, demonstrating that but for a retaliatory motive the defendants would not have taken these actions. There are no allegations or evidence to demonstrate suspicious timing, temporal proximity, or *any* relationship between the defendants' alleged actions and the filing of a grievance or grievances.[5] Moreover, for the reasons set forth under Claim One, the plaintiff has failed to allege or provide

---

[5]I am aware that the plaintiff has attached to his Response two affidavits, both sworn by the plaintiff. *Response*, Exhibits 2-A G and 1-A. Id. Exhibit 2-A G, like the Complaint, is filled with conclusory allegations of retaliation. The affidavit fails to provide any specific facts based on the plaintiff's personal knowledge which would establish that but for a retaliatory motive the defendants would not have taken the alleged retaliatory actions. Exhibit 1-A provides additional detail regarding the plaintiff's claim of retaliation against defendant Shelley. The affidavit fails to demonstrate any relationship between the filing of a grievance or grievances and Shelley's alleged retaliatory actions, however.

evidence of personal participation of defendants Tornowski, Day, Watkins, and Ortiz. I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks summary judgment in favor of the defendants on Claim Two.

### IV.  CONCLUSION

The record in this case shows that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law.

I respectfully RECOMMEND that the defendants' Motion for Summary Judgment be GRANTED and that summary judgment enter in favor of the defendants on all of the plaintiff's claims.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 25, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge