IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  03-D-1956 (BNB)

MARK E. DAVIS,

    Plaintiff(s),

v.

CASE/MANAGER GARY HOFFMAN, in his individual capacity;
SERGEANT, FAY HARDING, in her individual capacity;
SERGEANT, MICHAEL SHELLEY, in his individual capacity;
CORRECTIONAL OFFICER, ANTON EVANS, in his individual capacity;
CORRECTIONAL OFFICER, MELISSA HUFF, in her individual capacity;
SERGEANT, CONNIE JOANN SCHLICHENMAYER, in her individual capacity;
SERGEANT, PHIL BLANKENSHIP, in his individual capacity;
CAPTAIN, STEVE LOCKHART, in his individual capacity;
MAJOR, JAMES DAY, in his individual capacity;
ASSOCIATE WARDEN, DELAYNE TORNOWSKI, in his individual capacity;
CASE MANAGER LEVEL III, ROBERT KAHANIC, in his individual capacity;
WARDEN, GARY WATKINS, in his individual capacity;
EXECUTIVE DIRECTOR, JOE ORTIZ, in his individual capacity,

    Defendant(s).
_____

**ORDER**
_____

THIS MATTER is before the Court on partial remand from the Tenth Circuit Court of Appeals for further proceedings on Plaintiff's motion filed under Fed. R. Civ. P. 60(b), filed December 29, 2005.  On December 16, 2005, this Court entered an Order on Plaintiff's motion entitled "Pursuant to the Federal Rules of Civil Procedure: Rule 60(b) : Mistakes; Excusable Neglect; Newly Discovered Evidence," filed December 5, 2005 ("Motion for Reconsideration I"), and his motion entitled "Pursuant to the Federal Rules of Civil Procedure: Rule 76(b): 'Special Proceeding's' Judgment of the District

Judge," filed December 9, 2005 ("Motion for Reconsideration II), (collectively the "Motions for Reconsideration").  However, Plaintiff filed an appeal with the Tenth Circuit Court of Appeals on December 15, 2005, which divested this court of control over those aspects of the case involved in the appeal.  Pursuant to the Tenth Circuit's partial remand, I now dispose of Plaintiff's Motions for Reconsideration filed pursuant to Rule 60(b).

On October 25, 2005, Magistrate Judge Boyd N. Boland entered a Recommendation that Defendants' Motion for Summary Judgment be granted and that summary judgment enter in favor of the Defendants on all of the Plaintiff's claims (the "Recommendation").  Having received no objection to the Recommendation, I reviewed the same for clear error.  *See* Fed. R. Civ. P. 72(a).  I entered an Order Affirming and Adopting the Recommendation on November 14, 2005 (the "Order Affirming Recommendation").  That same day Plaintiff filed a Motion for Enlargement of Time to file an objection to the Recommendation.  However, the Court did not become aware of the Motion for Enlargement of Time until after the Order Affirming Recommendation was filed.  Final Judgment entered in favor of Defendants and against Plaintiff Mark E. Davis on November 15, 2005.  On November 17, 2005, I denied Plaintiff's Motion for Enlargement of Time.

A motion for reconsideration filed more than ten days after the entry of the judgment is considered a motion seeking relief from the judgment under Fed.R.Civ.P. 60(b).  *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995).  Here, I construe both of Plaintiff's motions as motions for reconsideration under Rule 60(b), as both were filed

more than ten days after entry of final judgment.  "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  Rule 60(b)(1) permits a court to set aside a judgment based on "mistake, inadvertence, surprise, or excusable neglect."  Here, Plaintiff seeks reconsideration of the Order Affirming Recommendation based on excusable neglect, newly discovered evidence and other asserted grounds.  Because I find that the Order Affirming Recommendation should be set aside based on excusable neglect, I need not address the additional grounds raised in the motions.

As to what constitutes excusable neglect, the Supreme Court in *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 398 (1993) held that the concept of excusable neglect is flexible and is generally "understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."  *Id.* at 395; *cf. Pelican Production Corp. v. Marino*, 893F.2d 1143, 1146 (10th Cir. 1990).  If the Court finds "neglect", it must also find the neglect to be "excusable".  In making this determination, which "is at bottom line an equitable one", the court must take into "account of all relevant circumstances surrounding the party's omission", including "the danger of prejudice to the [other party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Pioneer*, 507 U.S. at 395.

Here, Plaintiff requests reconsideration of my Order Affirming Recommendation

based on excusable neglect in connection with the filing of his Motion for Enlargement of Time to file an objection to the Recommendation. I note that Plaintiff is a pro se litigant currently incarcerated in the Limon Correctional Facility, which he contends has been on "lock-down" status for some period of time since November 1, 2005. An exhibit attached to the Motion for Reconsideration I indicates that Plaintiff's Motion for Enlargement of Time, which is dated November 10, 2005, was submitted for filing on November 10, 2005. The Motion for Enlargement of Time would have been timely within the meaning of Fed. R. Civ. P. 6 if it had been filed on November 10, 2005. I find that Plaintiff attempted to file the Motion for Enlargement of time within the time frame for filing his objection, and that his failure to do so was not reasonably within his control and is attributable to excusable neglect. I further find that Plaintiff should be permitted to file an objection to the Recommendation, which would entitle him to a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Because of the minimal length of delay, permitting Plaintiff to file an objection to the Recommendation will not unduly prejudice Defendants or unduly delay the judicial proceedings in this case.

Therefore, for the reasons set forth above, it is

ORDERED that Plaintiff's motion entitled "Pursuant to the Federal Rules of Civil Procedure: Rule 60(b) : Mistakes; Excusable Neglect; Newly Discovered Evidence," filed December 5, 2005 (docket #38), and his motion entitled "Pursuant to the Federal Rules of Civil Procedure: Rule 76(b): "Special Proceeding's" Judgment of the District

Judge," filed December 9, 2005 (docket #39) are **GRANTED IN PART** as set forth herein. It is

FURTHER ORDERED that this Court's Order Affirming and Adopting Recommendation of United States Magistrate Judge, filed November 14, 2005 (Docket #35), and the Judgment entered pursuant to that order on November 15, 2005 (Docket #36), are **WITHDRAWN**. It is

FURTHER ORDERED that this Court's Order denying Plaintiff's Motion for Enlargement of time, filed November 17, 2005 (Docket #37), is **WITHDRAWN**.

Dated: February 8, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge