IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  03-D-1956 (BNB)

MARK E. DAVIS,

     Plaintiff(s),

v.

CASE/MANAGER GARY HOFFMAN, in his individual capacity;
SERGEANT, FAY HARDING, in her individual capacity;
SERGEANT, MICHAEL SHELLEY, in his individual capacity;
CORRECTIONAL OFFICER, ANTON EVANS, in his individual capacity;
CORRECTIONAL OFFICER, MELISSA HUFF, in her individual capacity;
SERGEANT, CONNIE JOANN SCHLICHENMAYER, in her individual capacity;
SERGEANT, PHIL BLANKENSHIP, in his individual capacity;
CAPTAIN, STEVE LOCKHART, in his individual capacity;
MAJOR, JAMES DAY, in his individual capacity;
ASSOCIATE WARDEN, DELAYNE TORNOWSKI, in his individual capacity;
CASE MANAGER LEVEL III, ROBERT KAHANIC, in his individual capacity;
WARDEN, GARY WATKINS, in his individual capacity;
EXECUTIVE DIRECTOR, JOE ORTIZ, in his individual capacity,

     Defendant(s).
_____

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**
_____

I.    <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

    THIS MATTER is before the Court on Defendants' Motion for Summary

Judgment, filed November 3, 2004, which was referred to Magistrate Judge Boyd N.

Boland on November 4, 2004.  Plaintiff, appearing *pro se*, brings this case against

Defendants pursuant to 42 U.S.C. § 1983 for violation of his right to access to the

courts and for retaliation.  Plaintiff also seeks compensatory damages.

On October 25, 2005, Magistrate Judge Boland entered a Recommendation that Defendants' Motion for Summary Judgment be granted and that summary judgment enter in favor of the Defendants on all of the Plaintiff's claims (the "Recommendation"). Magistrate Judge Boland concluded that because Plaintiff failed to allege any physical injury, as required by the Prisoner Litigation Reform Act ("PLRA") he was not entitled to seek compensatory damages.  As to Plaintiff's first claim for violation of his right to access to the courts, which is based on allegations that Defendant Hoffman shredded one of Plaintiff's grievances and refused to provide him with another grievance form, Magistrate Judge Boland found that summary judgment was appropriate because Plaintiff failed to allege facts or provide any evidence to demonstrate that the refusal to submit his grievance hindered his efforts to pursue a non-frivolous claim. Recommendation at 4-5.  Magistrate Judge Boland further found that Plaintiff failed to allege facts or provide any evidence to demonstrate that Defendants Watkins, Kahanic, and Orrtiz caused or participated in the alleged violation of his rights. Recommendation at 6.  As to Plaintiff's second claim that he was retaliated against for filing grievances, Magistrate Judge Boland found that Plaintiff failed to allege any specific facts or provide any evidence that "but for" a retaliatory motive, the Defendants would not have taken various negative actions against Plaintiff.  Recommendation at 6-10.

Because I did not receive any objection to the Recommendation, I reviewed the same for clear error.  *See* Fed. R. Civ. P. 72(a).  I entered an Order Affirming and Adopting the Recommendation on November 14, 2005 (the "Order Affirming

Recommendation").   That same day Plaintiff filed a Motion for Enlargement of Time to file an objection to the Recommendation.  However, the Court did not become aware of the Motion for Enlargement of Time until after the Order Affirming Recommendation was filed.  Final Judgment entered in favor of Defendants and against Plaintiff on November 14, 2005.  On November 17, 2005, I denied Plaintiff's Motion for Enlargement of Time.

On December 5, 2005, Plaintiff filed a motion entitled "Pursuant to the Federal Rules of Civil Procedure: Rule 60(b) : Mistakes; Excusable Neglect; Newly Discovered Evidence," ("Motion for Reconsideration I"), and on December 9, 2005, Plaintiff filed a motion entitled "Pursuant to the Federal Rules of Civil Procedure: Rule 76(b): 'Special Proceeding's' Judgment of the District Judge," filed December 9, 2005 ("Motion for Reconsideration II), (collectively the "Motions for Reconsideration").  On December 16, 2005, I entered an Order granting in part and denying in part the Motions for Reconsideration.  However, Plaintiff filed an appeal with the Tenth Circuit Court of Appeals on December 15, 2005, which divested this court of control over those aspects of the case involved in the appeal.

On December 30, 2005, the Tenth Circuit Court of Appeals partially remanded the case for further proceedings on Plaintiff's Motions for Reconsideration.  Pursuant to the partial remand, I entered a second Order disposing of Plaintiff's Motions for Reconsideration on February 9, 2006 ("Order on Motions for Reconsideration").  In the Order on Motions for Reconsideration, I withdrew my November 14, 2005, Order Affirming and Adopting Recommendation of United States Magistrate Judge and the

-3-

Judgement against Plaintiff entered on November 15, 2005. I also withdrew my November 17, 2005, Order denying Plaintiff's request for an enlargement of time to file his Objections to the Recommendation. On May 2, 2006, the Tenth Circuit dismissed Plaintiff's appeal, stating that Plaintiff may file another appeal after entry of a final judgment.

Because Plaintiff's appeal has been dismissed, I now address Plaintiff's Objection to the Recommendation, which were filed on January 12, 2006. I accept the Objection as timely. Plaintiff, also filed an additional pleading on February 3, 2006, and I will construe that pleading as supplements to Plaintiff's Objection. Plaintiff's Objection necessitates a de novo determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II.    ANALYSIS

As a preliminary matter, which is set forth in the pleading filed February 3, 2006, Plaintiff complaints that the Affidavits submitted by Defendants in support of their Motion for Summary Judgment are "fraudulent" and requests that I find Defendants in "contempt" and strike the affidavits from the record. Specifically, Plaintiff complains that about the content of the Affidavit of Faye Harding. I have reviewed the Affidavits and find no basis for striking Ms. Harding's Affidavit or any of the Affidavits submitted by Defendants in this case.

Turning to Plaintiff's Objection, Plaintiff states that there are numerous material facts in dispute in this case. As to Plaintiff's first claim for violation of his right to

access to the courts, Plaintiff states that Defendant Hoffman has admitted that he shredded the grievance Plaintiff submitted on or about June 18, 2001.  Plaintiff further maintains that Defendant Hoffman refused to allow him to file a grievance, and refused to allow other inmates to file grievances.  Objection 2-4.

The Tenth Circuit has held that in order to maintain a claim for violation of the right to access to the courts a prisoner must show "actual injury" by demonstrating that the alleged "denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim."  *Penrod v. Zavaras*, 94 F.3d 1399, 1430 (10th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)).  Here, Plaintiff has failed to demonstrate "actual injury."  Attached to Defendants' Motion for Summary Judgment are exhibits demonstrating that Plaintiff has filed numerous grievances against Defendant Hoffman and others.  In his Response to Defendants' Motion for Summary Judgment, Plaintiff concedes that he filed several grievances on various dates up to and including March 31, 2003, that he was provided grievance forms and that Defendant Hoffman was no longer Plaintiff's case manager as of August 17, 2001.  Even if Plaintiff could demonstrate that Defendant Hoffman shredded one of the grievance forms Plaintiff submitted and refused to provide Plaintiff with another grievance form, Plaintiff has failed to demonstrate that this alleged activity hindered his efforts to pursue and nonfrivolous claim.

As to Magistrate Judge Boland's determination that the supervisor Defendant were not liable for Defendant Hoffman's alleged actions, Plaintiff states that he can show with "evidence" that these supervisors are responsible.  In support of this

assertion, Plaintiff has attached to his Objection various grievances he submitted that are signed by Defendant Robert Kahanic, and Defendant Delayne Tornowski. Objection at 5.  Plaintiff maintains that Defendants Trevor Williams, James Day, Gary Watkins, and Joe Ortiz allowed and authorized Defendant Hoffman "to continue his practice of depriving inmates . . . of filing grievances . . . ."  Objection at 6.  Plaintiff further maintains that Defendant Williams was "in the chain of command of these Defendant's [sic] . . . .," and "did sign off" on all of Plaintiff's grievances.

Plaintiff acknowledges in his Objection that in order for the supervisor Defendants to be liable in this case, he must show a causal connection or an affirmative link "between a constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Butler v. City of Norman*, 922 F.2d 1053, 1055 (10th Cir. 1993).  As discussed above, I find that Defendant Hoffman's alleged conduct, even if true, does not constitute a constitutional violation.  Moreover, the fact that the supervisor Defendants signed grievance forms submitted by Plaintiff concerning Defendant Hoffman's alleged conduct, or denied grievances submitted by Plaintiff is not sufficient to demonstrate that the supervisor Defendants personally participated in the alleged conduct, exercised control or direction over the alleged conduct, or failed to supervise.

I affirm Magistrate Judge Boland's conclusion that Defendants' Motion for Summary Judgment should be **GRANTED** as to Plaintiff's first claim for violation of his right to access to the courts.

Plaintiff's Objection does not appear to address Magistrate Judge Boland's

conclusion that Plaintiff second claim for retaliation should also be dismissed.  Where no objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.  Having reviewed the Recommendation, as to Plaintiff's second claim for retaliation, I am satisfied that there is no clear error on the face of the record.  I agree with Magistrate Judge Boland's conclusion that Plaintiff failed to allege any specific facts or provide any evidence that "but for" a retaliatory motive, the Defendants would not have taken various negative actions against him.

I affirm Magistrate Judge Boland's conclusion that Defendants' Motion for Summary Judgment be **GRANTED** as to Plaintiff's second claim for retaliation.  Accordingly, it is hereby

ORDERED that the Recommendation of United States Magistrate Judge Boyd N. Boland, dated October 25, 2005, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

---

[1]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

ORDERED that Defendants' Motion for Summary Judgment, filed November 3, 2004 (docket #23) be **GRANTED**, and that the claims and causes of action against Defendants in this case be **DISMISSED WITH PREJUDICE**.

Dated:  May 18, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge